**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.

JEANETTE WEISBERG,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.  Plaintiff, JEANETTE WEISBERG ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward and City of Cooper City.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Hunter Warfield, Inc. ("Defendant") or ("HWI") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. On or about June 23, 2015, Defendant began making collection calls to Plaintiff's cellular phone, in an attempt to collect a consumer debt that, upon information and belief, was allegedly owed by Plaintiff's daughter, Justine Draught, and/or Ms. Draught's boyfriend, Aaron Medina.

12. On June 23, 2015, Plaintiff informed Defendant that Ms. Draught and Mr. Medina could not be reached at the phone number that they were calling, and asked that they refrain from making any further calls to her on that number.

13. Defendant continued to make unauthorized collection calls to Plaintiff's cellular phone despite having being notified that Ms. Draught and Mr. Medina could not be reached at that phone number, on numerous occasions, including but not limited to June 23, 2015; June 25, 2015; July 28, 2015; August 8, 2015 and August 11, 2015.

14. On July 28, 2015, Plaintiff's attorneys sent a letter to Defendant via certified mail, advising Defendant of its violations and of the fact that the Weisberg Consumer Law Group, PA was representing Plaintiff in regard to this matter, and advising Defendant not to make any further attempts to communicate with Plaintiff directly, which Defendant received on July 30th.  (See Copy of Notice Letter, attached here to as Exhibit "A", and certified mail receipt, attached hereto as Exhibit "B").

15. Despite receipt of the aforementioned correspondence, Defendant made at least two (2) additional collection calls to Plaintiff's cell phone.

16. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after having been notified that she was being represented by an attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated  15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16

20. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5).

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA

21. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

22. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully engaging in conduct which could reasonably be expected to abuse or harass the Plaintiff and members of her family.

WHEREFORE, Plaintiff, JEANETTE WEISBERG, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(18) OF THE FCCPA

22. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

23. Defendant violated §559.72(18) of the Florida Consumer Collection Practices Act by communicating with the Plaintiff after having been notified that she was being represented by an attorney.

WHEREFORE, Plaintiff, JEANETTE WEISBERG, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT V
## VIOLATIONS OF THE TCPA

24. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place an unauthorized telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

    d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 14th day of October 2015.

                         Respectfully submitted,
                         **JEANETTE WEISBERG**

                        By: s/ Alex D. Weisberg
                        ALEX D. WEISBERG
                        FBN: 0566551
                        WEISBERG CONSUMER LAW
                        ATTORNEYS FOR PLAINTIFF
                        5846 S. Flamingo Rd, Ste. 290
                        Cooper City, FL 33330
                        (954) 212-2184
                        (866) 577-0963 fax
                        aweisberg@attorneysforconsumers.com